**Hessel BOSCHMA and Louise Boschma, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 16840.**

United States Court of Appeals
Sixth Circuit.

Jan. 20, 1967.

Arthur R. Reibel, Troy, Mich., for petitioners.

Deene R. Goodlaw, Atty., Dept. of Justice, Washington, D.C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, John M. Brant, Attys., Dept. of Justice, Washington, D.C., on the brief), for respondent.

Before WEICK, Chief Judge, PECK, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

The petition herein seeks review of findings of the Tax Court finding a deficiency of income tax due for the years 1954 through 1957 and making an assessment for such tax, and further assessing penalties for said years on the basis of fraud.

■ Petitioner * contended that the Respondent was not justified in using a net worth approach in computing the deficiencies. On this point, however, the Tax Court in its opinion stated, "Here we are not only confronted with books and records which are fragmentary and meaningless from the standpoint of establishing a consistent method of accounting, but the record also indicates that these books and records were in some instances not even relied on in preparing the income tax returns for some of the years here involved," and it is here determined that there is substantial evidence in the record to support this finding, and to support the starting-point figure upon which the computations were based.

■ It is here further held that the Respondent established by the requisite degree of proof that the deficiency for each of the years 1949 through 1957 was due to fraud to evade income tax. Petitioner's arguments to the contrary fail in the light of the detailed analysis set forth in the opinion of the Tax Court and we conclude that its judgment should be affirmed on the basis of that opinion.

■■ On the day of the oral argument in this court Petitioner filed a motion asking for a continuance of such argument and for a remand of the cause to the Tax Court "for the purpose of taking further testimony," on the basis of alleged newly discovered evidence. The "newly discovered evidence" consisted of a letter, attached to the motion as an exhibit, written to Petitioner October 13, 1949, by his then attorney. In that letter the writer expresses his personal belief that Petitioner's brother, with whom he had been in business, was guilty of embezzlement and that "he has always practiced dishonesty in his dealings." The letter has presumably been in possession of Petitioner, the addressee who now makes no other claim, for the past seventeen years and thus can scarcely be de-

scribed as "newly discovered;" and since it would not be admissible under any theory, it cannot even be called "evidence." The motion to continue the argument and remand the cause must therefore be denied.

Affirmed.

---

* Petitioners are husband and wife, the latter having joined as a party since a joint return had been filed by them. However, all operations activity giving rise to the issues herein were those of the husband, who will be referred to as "the Petitioner."